[Civ. No. 8547. Second Appellate District, Division One.—July 14, 1933.]

VALERIE BURR, Respondent, v. HERBERT PAGEL, Appellant.

Kenneth J. Murphy and Elber H. Tilson for Appellant.

S. S. Hahn and W. O. Graf for Respondent.

CONREY, P. J.—This is a motion under Rule V, section 3, to dismiss appeal or affirm judgment. The record upon appeal consists of a typewritten clerk's transcript and typewritten reporter's transcript. The appeal is from a judgment rendered upon verdict of a jury in favor of the plaintiff. There is not contained in the brief or in any supplement thereto any statement of "the nature of the action and the substance of the pleadings" as required by Rule VIII, sections 3 and 4, of the rules of this court. By inference from the evidence quoted in the brief we might assume that the action was brought to recover damages for personal injuries suffered by the plaintiff, and resulting from negligence of the defendant in driving an automobile at a time when the plaintiff was riding therein as a guest of the defendant. In this connection it further would be necessary to assume that the injury to the guest was an injury "proximately resulting from the intoxication, wilful misconduct, or gross negligence" of the defendant. (California Vehicle Act, sec. 141¾.)

In the brief of appellants there is a statement of facts, including extensive quotations from the evidence. This is followed by a statement of the sole proposition relied upon by appellant for reversal of the judgment. This proposition is as follows: "Respondent was guilty of independent negligence, contributing proximately to her injuries, in riding, and in continuing to ride with appellant while he was driving the car, when she knew or should have known that he was intoxicated, which independent negligence would bar her right of recovery." But an inspection of the record reveals the fact that upon this issue of contributory negligence the evidence is very much in conflict, and there is evidence upon which the jury reasonably might have reached its conclusion that the plaintiff was not guilty of such negligence.

The motion to affirm judgment is granted and the judgment is affirmed. The appeal from the order denying defendant's motion for a new trial, being an appeal from a nonappealable order, is dismissed.

Houser, J., and York, J., concurred.